# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY KANE CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR OF HEALTH CARE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-02137-OWW-GBC PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Wesley Kane Campbell ("Plaintiff") is a state prisoner proceeding pro se in these civil rights actions pursuant to 42 U.S.C. § 1983. On November 16, 2010, Plaintiff filed a complaint in 1:10-cv-02137-OWW-GBC.[1] On November 29, 2010, Plaintiff filed a complaint in 1:10-cv-02200-OWW-SMS.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

---

[1] This action was consolidated with 1:10-cv-02200-OWW-SMS by separate order.

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Since this action was consolidated with 1:10-cv-02200-OWW-SMS, the Court will consider the allegations in both complaints in determining whether Plaintiff has stated a cognizable claim.

**A.     1:10-cv-02137-OWW-GBC**

Plaintiff brings suit against Defendants Governor Arnold Schwarzenegger, Matthew Cate, an unnamed correctional officer, Director of Health Care, and all medical staff at California State Prison Corcoran. Plaintiff alleges that the unnamed correctional officer has been giving him food trays that smell like feces. When Plaintiff receives his food tray from correctional officers the food smells like feces and the food has feces in it. He has been feeling ill. Additionally, he has chronos in his file that have no merit and he wants them removed. Plaintiff is requesting twenty million dollars, all his health care to be paid, and a blood test.

**B.     1:10-cv-02200-OWW-SMS**

Plaintiff brings suit against Defendants Director of Department of Corrections and

Rehabilitation Matthew Cate, Governor Arnold Schwarzanegger, and Warden Lopez alleging that during 2009 he was receiving feces in every food tray that he received. Plaintiff has sent Defendant Schwarzenegger over thirty letters. Defendant Lopez has been sent letters stating that Plaintiff has been receiving trays containing feces. Additionally, Defendant Cate has "copied a chrono" that falsely designated Plaintiff as a sex offender. Plaintiff is seeking to have the designation removed from his record and 700 million dollars.

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.    Discussion**

    **A.    Eighth Amendment**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment, the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the

official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff allegations do not demonstrate that any medical personnel were aware of a serious medical need and acted or failed to act in response. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Additionally, Plaintiff's statement that he has been fed feces for every meal for the past 365 days by the same correctional officer fails to state a plausible claim. Similarly, Plaintiff's allegation that "correctional officers" have been giving him trays that smell like feces, fails to link any named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal, 129 S. Ct. at 1949. Therefore, Plaintiff has failed to state a cognizable claim.

### B. Fourteenth Amendment

Plaintiff alleges that there is false information in his prisoner file and requests the Court to order it to be removed. The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

Plaintiff's allegations that his prisoner file contains false information fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

### C. Relief Requested

The Prison Litigation Reform Act places limitations on injunctive relief. Section

4

3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Although Plaintiff alleges that there is false information contained in his file, Plaintiff's complaint does not state a cognizable claim arising out of the false information. In the absence of a viable claim based on the false information, Plaintiff may not seek an injunction mandating the removal of the information from his prisoner file. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149-50 (2009) (citation omitted); Price v. City of Stockton, 390 F.3d 1105, 1112 (9th Cir. 2004). Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

## IV.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed November 16, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 14, 2010

UNITED STATES MAGISTRATE JUDGE

6