UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY KANE CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>DIRECTOR OF HEALTH CARE, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:10-cv-02137-OWW-GBC (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL WITH PREJUDICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.    PROCEDURAL HISTORY

Plaintiff Wesley Kane Campbell ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 16, 2010, Plaintiff filed a complaint in 1:10-cv-02137-OWW-GBC. (ECF No. 1.) On November 29, 2010, Plaintiff filed a complaint in 1:10-cv-02200-SMS. These cases were consolidated and 1:10-cv-02200-SMS was closed. (ECF No. 7.) On December 14, 2010, Plaintiff's original complaints were dismissed for failure to state a claim. Plaintiff filed his First Amended Complaint on January 3, 2011. (ECF No. 8.)

This First Amended Complaint is now before the Court for screening. For the reasons set forth below, the Court finds that Plaintiff has failed to state any claim upon which relief may be granted.

## II.    SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III.   SUMMARY OF COMPLAINT

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights. Plaintiff names the following individuals as Defendants: Arnold Schwarzenegger, Lopez, Matthew Cate, all medical staff at California State Prison, and five unnamed correctional officers.

Plaintiff alleges as follows: Plaintiff states that unnamed correctional officers have been feeding him feces in his food. He further states that some of the trays could have HIV on them. Additionally, Defendant Cate has "copied a chrono" that falsely states that Plaintiff is a sex offender and, designates him as Special Needs Yard.

Plaintiff seeks to have the Special Needs Yard designation removed from his record and monetary damages.

### IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Eighth Amendment

Plaintiff appears to be alleging that he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment.

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citation omitted).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need," and "harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no

matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has again failed to attribute responsibility to any named Defendant. Plaintiff merely states that Defendants are giving him feces in his food and that his tray is infected with HIV.

Plaintiff was previously notified of the relevant legal standards and these same deficiencies in his prior complaint. The Court provided analysis and guidelines for Plaintiff to follow in this claim. Plaintiff's First Amended Complaint contains basically the exact same allegations of cruel and unusual punishment. Because Plaintiff's First Amended Complaint again fails to state a claim, the Court will recommend that this claim be dismissed without further leave to amend.

### B.     Fourteenth Amendment

Plaintiff alleges that there is false information in his prisoner file and requests its removal.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

Again, Plaintiff's allegations that his prisoner file contains false information fails to state a cognizable claim for relief. As stated in the Court's Screening Order, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against

false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Plaintiff received guidance from the Court in its Screening Order, which he apparently decided to ignore. Because Plaintiff's First Amended Complaint again fails to state a claim, the Court will recommend that this claim be dismissed without further leave to amend

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff has filed two complaints and received guidance from the Court in its Screening Order. (ECF Nos. 1, 6, & 9.) Even after receiving the Court's guidance, Plaintiff failed to make any alterations or to include additional facts to address the noted deficiencies. In fact, Plaintiff's Amended Complaint includes almost no factual development of his Section 1983 claims. He again fails to attribute any wrong doing to any named Defendant. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore recommends that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United State District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District

1  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2  IT IS SO ORDERED.

3  Dated:   May 11, 2011

4                                                    UNITED STATES MAGISTRATE JUDGE